IN THE UNITED STATES DISTRICT COURT 
 FOR THE DISTRICT OF SOUTH CAROLINA 
 ANDERSON/GREENWOOD DIVISION 

George D. Metz, II, ) Case No. 8:23-cv-01159-DCC 
 ) 
 Plaintiff, ) 
 ) 
v. ) ORDER 
 ) 
City of Easley South Carolina, ) 
 ) 
 Defendant. ) 
________________________________ ) 

This matter is before the Court on Plaintiff’s Amended Complaint alleging that an 
Easley city ordinance infringes upon his First Amendment rights. ECF No. 25. In 
accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter 
was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial 
proceedings and a Report and Recommendation (“Report”). On September 18, 2023, 
the Magistrate Judge issued a Report recommending that this action be dismissed with 
prejudice, without further leave to amend, and without issuance and service of process. 
ECF No. 30. The Magistrate Judge advised Plaintiff of the procedures and requirements 
for filing objections to the Report and the serious consequences for failing to do so. 
Plaintiff filed objections. ECF No. 32. 
The Magistrate Judge makes only a recommendation to this Court. The 
recommendation has no presumptive weight, and the responsibility to make a final 
determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The 
Court is charged with making a de novo determination of any portion of the Report of the 
Magistrate Judge to which a specific objection is made. The Court may accept, reject, or 
modify, in whole or in part, the recommendation made by the Magistrate Judge or 
recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). 

The Court will review the Report only for clear error in the absence of an objection. See 
Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating 
that “in the absence of a timely filed objection, a district court need not conduct a de novo 
review, but instead must only satisfy itself that there is no clear error on the face of the 
record in order to accept the recommendation.” (citation omitted)). 

As stated above, the Magistrate Judge recommends summary dismissal of this 
action. Upon de novo review of the Report, the record, and the applicable law, the Court 
respectfully disagrees with the Magistrate Judge. 
As an initial matter, the Magistrate Judge recommends dismissal of Plaintiff’s claim 
because he has failed to establish standing. Specifically, the Magistrate Judge 

determined that Plaintiff’s allegation “that he would cover unspecified stor[i]es in the city 
of Easley does not reach the level of plausibility for standing in this matter.” ECF No. 30 
4. In his objections, Plaintiff clarifies that he has “been restricted under this ordinance 
from recording public officials in the course of their duties.” This allegation establishes 
more than a conjectural or hypothetical injury. Therefore, the Court finds that Plaintiff has 
sufficiently alleged he has the requisite standing to bring this lawsuit. See Lujan v. Defs. 

of Wildlife, 504 U.S. 555, 560–61 (1992) (holding that standing is comprised of three 
elements: (1) injury in fact; (2) a causal connection between the injury and the conduct 
complained of; and (3) it must be likely (not merely speculative) that the injury would be 
redressed by a favorable decision.). 
With respect to the Magistrate Judge's evaluation of the merits of Plaintiff’s case, 

the Court is of the opinion that too much is unknown at this procedural posture to dismiss 
this action. At this early stage, Plaintiff has stated a plausible First Amendment violation. 
Accordingly, additional information is needed from Defendant to potentially resolve this 
matter. See Harksen v. Pease, 282 F. App'x 292, 293 (4th Cir. 2008) (“On remand the 
district court should consider the state's justification for its regulation and resolve any 

factual issues relevant to the merits of Harksen's claims.”); Metz v. Milne, No. CV 22-
0062-MU, 2023 WL 6005482, at *10 (S.D. Ala. Aug. 8, 2023), appeal dismissed, No. 23-
12936-G, 2023 WL 8448524 (11th Cir. Nov. 21, 2023) (“To determine whether First 
Amendment rights have been violated, the Supreme Court has espoused a three-pronged 
analysis: ask first whether the speech is ‘protected by the First Amendment;’ second, 

determine ‘the nature of the forum;’ and third, ask whether the government's ‘justifications 
for exclusion from the relevant forum satisfy the requisite standard.’” Cornelius v. NAACP 
Legal Defense and Educ. Fund, Inc., 473 U.S. 788, 797 (1985)). 
Therefore, upon review, the Court respectfully rejects the recommendation of the 
Magistrate Judge. This action is recommitted to the Magistrate Judge for further 
evaluation and issuance and service of process. 
IT IS SO ORDERED. 

 s/ Donald C. Coggins, Jr. 
 United States District Judge 
May 1, 2024 
Spartanburg, South Carolina